*Ross,* for *appellant.*

*Phister, Hargis,* for *appellee.*

----

James Montgomery *v.* John S. Stapp.

**Vendor and Purchaser—Improvements—Married Woman's Title Bond.**
Where improvements are made on land under a title bond which is void, the assessments should be made only to ameliorate and not for costs of them, and the material used from land should be deducted, and any improvement made after notice to stop should be dis-allowed.

**Same.**
A married woman's title bond is void, consequently there is no enforcible lien on her land therefor.

APPEAL FROM WASHINGTON CIRCUIT COURT.

January 21, 1871.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The judgment in this case will be reversed for the following reasons:

1. For improvements the apepllee is entitled only to ameliorations. And the assessment seems to have been made for the cost of them. And moreover the material used from the land ought to be deducted, and any. improvement made after Mrs. Montgomery gave notice to stop should be disallowed.

2. As Mrs. Montgomery was covert when she signed the bond for a title the contract was void, consequently, there was no enforcible lien on her land. The decree for selling her land was therefore unauthorized. The appellee must look to her husband alone for reimbursement or reparation.

Wherefore the judgment for the sale of the land is reversed and the cause remanded for proceedings against the husband alone.

*John W. Lewis, for appellant.*

*Hays, for appellee.*